UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00074-MR

| ROGER D. YOUNG, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| GARY JUNKER, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 7] filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff paid the filing fee in this matter.[1] [6/14/2022 Docket Entry].

## I. BACKGROUND

Pro se Plaintiff Roger Dean Young ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Lincoln Correctional Center ("Lincoln CC") in Lincolnton, North Carolina. He filed this action on June 3, 2022 pursuant to 42 U.S.C. § 1983 against Defendant Todd E. Ishee, identified as the North Carolina Department of Public Safety (NCDPS)

---

[1] Plaintiff's Complaint would have otherwise been subject to dismissal under 28 U.S.C. § 1915(g) because he has previously had at least three complaints dismissed for frivolity or for failure to state a claim for relief. See Young v. Louis, 1:09-cv-00278-GCM, Doc. 2.

Commissioner of Prisons; Gary Junker, identified as the NCDPS Director of Health Services; and FNU McGee, identified as the Warden at Lincoln CC, in their individual and official capacities. [Doc. 1]. On initial review, the Court found that Plaintiff failed to state any claim for relief and allowed Plaintiff 30 days to amend his Complaint. [Doc. 4]. Plaintiff timely filed an Amended Complaint in which he names Defendant Junker as the sole Defendant, in his individual and official capacities. [Doc. 7].

In his Amended Complaint, Plaintiff alleges as follows. Plaintiff is a combat veteran, having served in Vietnam in a combat roll. [Id. at 11]. In or around early September 2021, Plaintiff filed a Request for Mental Health Services, requesting help dealing with Post Traumatic Stress Disorder (PTSD). [Doc. 7 at 8]. On September 10, 2021, he met with a psychologist providing care at Lincoln CC. [Id.]. At this meeting, the psychologist told Plaintiff, "I am NOT trained to treat P.T.S.D." [Id.]. Plaintiff asked the psychologist if there were any mental health providers employed by the NCDPS "to treat combat stressed prisoners?" [Id. at 9]. The psychologist told Plaintiff there were not. On September 27, 2021, Plaintiff submitted a grievance complaining about the lack of available care to treat his PTSD.[2]

---

[2] The Step One - Unit Response to Plaintiff's grievance provided as follows:

> Medical has advised that when you talked with Mr. Vaughn, Phycologist [sic], you declined medication. You had requested to know if there was a

2

[Doc. 7-2 at 1].

Plaintiff again later requested help dealing with PTSD and met with the psychologist on December 18, 2021. The psychologist told Plaintiff that he would "check around and see if [he] could get [Plaintiff] some help." [Id.]. The psychologist never contacted Plaintiff again. [Id. at 10]. Plaintiff filed another grievance on March 15, 2022 "concerning treatment for P.T.S.D. and numerous other health problems."[3] Plaintiff has not received any treatment for PTSD as of the instant Complaint. [Id.].

Defendant Junker, as NCDPS Director of Health Services, has a duty to provide adequate healthcare, including mental health care, to all offenders. Defendant Junker is required to hire staff qualified to meet the

---

support group you could meet with. At this time there is no support group; however, Mr. Vaughn has advised you that you can place a self referral and he would come back and talk with you as needed. If you are needing a support group you could also talk with Chaplin Mann when he is on the unit. I have talked with Management at the facility to see what could be done and they are looking at contacting the Veteran Affair Officer for this region to see what we can do. I have received an E-Mail from Case Manager Mr. Casey that he had sent to the VA on Sept. 18, 2021 to Ms. Payne where he is in contact with her about services for the veterans at Lincoln CC. Where prior to Covid restrictions Mr. Patton was coming in to provide individual and group counseling. When restrictions are lifted we will again extend and invitation for the VA to visit with offenders.

[Doc. 7-2 at 3].

[3] This grievance does not mention PTSD or the lack of appropriate mental healthcare at Lincoln CC. [See Doc. 7-2 at 6-13]. Rather, Plaintiff complains of the lack of medical care for his combat-related eye injury. [See id.].

healthcare needs of all offenders. [Doc. 1 at 6]. Defendant Junker "had two notices (grievances) that his medical system was insufficient to meet the Plaintiff's needs and all other simularily [sic] situate[d] combat veterans." [Id. at 6-7].

For injuries, Plaintiff alleges that he suffers from chronic sleeplessness, anxiety, anger, vivid nightmares, panic attacks, and constant fatigue. Plaintiff also alleges that the dorm environment at Lincoln CC "with constant yelling and shouting" triggers his attacks. [Doc. 7 at 12].

For relief, Plaintiff seeks injunctive relief and compensatory and punitive damages. [Id. at 13-14].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Prisoners have the right to receive adequate medical care while incarcerated. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); Scinto v. Stansberry, 841 F.3d 219, 236 (4th Cir. 2016). This constitutional right is violated when a prison official demonstrates "deliberate indifference" to an inmate's serious medical or psychological needs. Id.; Buffington v. Baltimore Cnty., Md., 913 F.2d 113, 120 (4th Cir. 1990) ("A serious psychological

5

impairment can qualify as [a serious] medical need."). To state a § 1983 claim for deliberate indifference to a serious medical need, a prisoner must show that he has a serious medical need and that officials knowingly disregarded that need and the substantial risk it posed. DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018); see Farmer v. Brennan," 511 U.S. 825, 832 (1994).

A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted). An official acts with deliberate indifference if he had actual knowledge of the prisoner's serious medical needs and the related risks but nevertheless disregards them. DePaola, 884 F.3d at 846. The prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837. Mere negligence or malpractice does not violate the Eighth Amendment. Miltier v. Beorn, 896 F.2d 848, 852 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825.

Taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has nonetheless failed to state a claim

6

Case 5:22-cv-00074-MR   Document 8   Filed 08/22/22   Page 6 of 8

for relief.  The Court assumes for the sake of initial review that Plaintiff has alleged a serious medical need.  Plaintiff allegations, however, fail to demonstrate that Defendant Junker had actual knowledge of Plaintiff's serious medical or psychological need and inferred a substantial risk of serious harm to Plaintiff for Junker's failure to act.  Plaintiff alleges that Defendant Junker had notice that "his medical system was insufficient to meet the Plaintiff's needs" through two grievances filed by Plaintiff.  Plaintiff's submission of two grievances to prison officials, one of which did not mention the need for treatment for PTSD, is not sufficient to satisfy the subjective component of a deliberate indifference claim.  Plaintiff does not allege that Junker ever received these grievances, let alone inferred the substantial risk of serious harm for the failure to act thereon.  See, e.g., Goodman v. Wexford Health Sources, Inc., 425 Fed. Appx. 202 (4th Cir. 2011) (plaintiff's allegation that the nurse knew about his medical condition, with nothing more, was insufficient to support a finding that the nurse had a sufficiently culpable state of mind of deliberate indifference to a serious medical condition).

Plaintiff's Complaint, therefore, fails initial review.  The Court will dismiss this action with prejudice because Plaintiff has already been allowed to amend his complaint once and has again failed to state a claim for relief.  See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir.

2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 7] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 20, 2022

Martin Reidinger
Chief United States District Judge